# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2147

_____

| | | |
|---|---|---|
| Chris Veneklase; Paul B. Mehl; Darold Larson; Nancy Emmel; Jessica Uchtman, | * * * * | |
| Plaintiffs–Appellees, | * * | |
| v. | * * * | Appeal from the United States District Court for the District of North Dakota |
| City of Fargo, | * * | |
| Defendant–Appellant, | * * | |
| David Eugene Todd, Officer, City of Fargo Police Department; Jon Holman; Wayne Jorgenson, | * * * * | |
| Defendants. | * | |

_____

Submitted:    October 25, 2000

Filed:    December 13, 2000

_____

MEMORANDUM AND ORDER CONCERNING
PLAINTIFFS' MOTION TO RECUSE

_____

BYE, Circuit Judge.

The plaintiffs–appellees in this matter have previously filed a motion seeking my recusal from this case currently pending before the court *en banc*. For the reasons set forth below, I decline to recuse.

I.

This lawsuit originated in 1991. The plaintiffs were arrested on October 10, 1991, pursuant to the City of Fargo's anti-residential-picketing ordinance while participating in a public prayer vigil outside the home of Jane Bovard. At that time, Bovard served as director of the Fargo Women's Health Organization ("the clinic"), an abortion service provider. The charges against plaintiffs were dismissed by the Cass County, North Dakota, court when it found the ordinance was unconstitutionally applied to them. Thereafter, plaintiffs-appellees filed suit against the City of Fargo, alleging, *inter alia*, violations of their First Amendment rights.

This matter has previously been before this court twice. See Veneklase v. City of Fargo, 78 F.3d 1264 (8th Cir. 1996); Veneklase v. City of Fargo, 200 F.3d 1111 (8th Cir. 1999) (vacated February 16, 2000). After the second panel decision was rendered, the full court decided to rehear the matter *en banc*. Oral argument was heard on April 11, 2000. I took office on April 22, 2000; thus, I did not participate in oral argument. However, pursuant to the Eighth Circuit's long-established procedure, all active judges are permitted to participate in the decision.

In September of this year, the court ordered additional briefing on the application of the Supreme Court's latest First Amendment decision, Hill v. Colorado, 120 S. Ct. 2480 (2000). Along with their supplemental brief, appellees filed a motion to disqualify me. It is premised on the fact that the law firm of which I was a member prior to becoming a judge, Vogel, Weir, Hunke, & McCormick, Ltd., of Fargo, North Dakota (the "Vogel law firm"), had represented Fargo Women's Health Organization in two cases at approximately the same time the appellees were arrested. One case was

a medical malpractice action, in which both Bovard and the clinic were named defendants.  See Sabot v. Fargo Women's Health Org., Inc., 500 N.W.2d 889 (N.D. 1993).  The other, with the clinic as the plaintiff, was a civil rights suit against the state seeking declaratory and injunctive relief from the North Dakota Abortion Control Act. See Fargo Women's Health Org. v. Schafer, 18 F.3d 526 (8th Cir. 1994).

None of the Veneklase plaintiffs were parties to either of those lawsuits. Further, neither Bovard nor the clinic is or has been a party in this litigation, although Bovard was called to testify as a witness as to the plaintiffs' damages.  The Vogel law firm has never been involved in any manner in this litigation, nor has it ever represented any of the Veneklase plaintiffs or the appellant in any other matter.  Neither Bovard nor the clinic were at any time in the past ever personal clients of mine.  I was never involved as a lawyer or otherwise in any of the matters in which my former law firm several years ago represented them.

Appellees' motion is filed pursuant to 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 445(a).  They allege that my prior association with the Vogel law firm, because of its past representation of Bovard and the clinic, gives my participation in the *en banc* proceedings the appearance of impropriety.  Plaintiffs state that,

> [a]lthough none of the Plaintiffs in this case were parties in those two cases, and although Bovard is not a party in this case, the center of the controversy in this case revolves around the Plaintiffs' reaction to Bovard's role in the abortion business and Bovard's (and the City's) claim that she was the **victim** of unlawful targeted picketing.  There is an obvious appearance of impropriety in Judge Bye's participation under such circumstances.

II.

"Drawing the balance between a judge's competing obligations to dispose expeditiously of those matters that properly come before him, and to disqualify himself in those instances in which his impartiality might legitimately be questioned, is often a difficult endeavor." Richard E. Flamm, Judicial Disqualification -- Recusal and Disqualification of Judges 144 (1996). This court has observed that the standard to be used in deciding whether to recuse is an objective one: "Would the average person, knowing the facts alleged by the parties seeking disqualification, question the Judge's impartiality, and, if so, would the question be reasonable?" O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir. 1999).

After consulting with other judges outside of this circuit and studying both caselaw and scholarly texts on the subject of recusal, I decline to recuse myself. My former law firm's representation of Jane Bovard and the Fargo Women's Health Organization in isolated, unrelated litigation going back six and seven years prior to my taking the bench, simply cannot and does not create an appearance of impropriety to an average person, knowing the facts of this situation.

Jane Bovard is not a party in this case. Nor is she even an interested third party with a stake in the outcome. The ordinance at issue in this case has been amended; if plaintiffs or others picket outside Bovard's home in the future, they may still be arrested, but under a different anti-residential picketing ordinance. The court's decision as to the constitutionality of this ordinance therefore has no practical effect on Bovard.

Even if Bovard had an interest in this matter, my former law firm never represented her in connection with this case. Section 455(b) lists specific situations in which a judge must recuse himself or herself from participation in a case; one of these situations is "[w]here in private practice he served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such

association as a lawyer concerning the matter. . . ." 28 U.S.C. § 445(b)(2). My situation is several steps removed from that described in § 445(b)(2); it is so far removed from a case in which actual bias may be found as to make even the appearance of bias improbable.

Canon 3c(1) of the Code of Conduct for United States Judges tracks almost identically the wording contained in 28 U.S.C. § 455. The Canon does not require recusal. It has been in excess of six years since my former law firm represented the clinic in Schafer and seven years since the firm defended Bovard and the clinic in Sabot. I never had any professional or personal relationship of any kind or nature with either, and most certainly no involvement as a lawyer in any of those cases which took place in the early part of the 1990's.

Viewing all of the circumstances in the light cast by Canon 3c(1) or § 455, recusal is simply not required in these circumstances. A reasonable person with the full knowledge of all relevant facts would not conclude that my impartiality might be impaired. Therefore, I need not discuss appellees' charge of impropriety in my not revealing these circumstances.

No cases have been found in which a judge has been asked to recuse himself or herself based on a similar factual scenario. Research has produced only one analogous situation in the Eighth Circuit. In Patterson v. Masem, 774 F.2d 251, 254 n.2 (8th Cir. 1985), this court upheld a district court judge's decision not to recuse himself where "Judge Woods' former law firm, during the time he was associated with the firm, represented parties that sought to intervene in and eventually participated as amicus curiae in [related] litigation." The court noted that "[n]o circumstances have been brought to our attention that would cause a reasonable person to question Judge Woods'

ability to impartially decide [plaintiff's] case." Id.[1] Likewise, the circumstances of this matter are such that no reasonable person could or would question my impartiality. The facts of Veneklase are far too attenuated from my former law firm's previous representation of Bovard and the clinic to raise legitimate concerns about it.

My participation in this *en banc* matter will continue. I will decide the matter based solely and strictly upon my understanding of the governing law as applied to the facts of this case. Appellees' recusal motion is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]Appellees analogize this situation to one in which a judge (or his former law firm) previously represented the victim of a crime and then sits in judgment against the perpetrator of the crime. Plaintiffs cite no cases in which such a situation has required recusal of the judge.